IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Sidney L. Byrd, | Case No. 3:14 CV 2679 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

Defendant moves to dismiss Plaintiff Sidney Byrd's Complaint, or, in the alternative, for summary judgment (Doc. 13). The Complaint lacks supporting factual allegations but, liberally construed, the Complaint challenges denial of supplemental security income (Doc. 1-1 at 1). Byrd did not oppose Defendant's Motion. This Court grants the Motion.

Defendant attaches two documents to its motion: a June 12, 2013 Notice of Unfavorable Decision and Administrative Law Judge Decision (Doc. 13-3), denying supplemental security income benefits; and a September 2, 2014 Notice of Appeals Council Action, declining to review the ALJ's decision (Doc. 13-4).

"[A] document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings" for purposes of a motion to dismiss in circumstances like those here. *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999). Specifically, because the two Notices together are the final agency action that Plaintiff challenges, the Notices are central to Byrd's claims and can be considered by this Court. *See id.* (considering life insurance

policies attached to defendant's motion to dismiss because "[e]ach of [plaintiffs'] six causes of action relates to and arises from the two life insurance policies in question").

Byrd had "sixty days after the mailing to him of notice of [the Commissioner's final decision,] or within such further time as the Commissioner may allow[,]" to file a Complaint in this Court challenging the denial of benefits. 42 U.S.C. § 405(g). Relevant federal regulations generally presume a claimant receives notice of the Commissioner's decision within five days of the date of the decision. *See* 20 C.F.R. §§ 416.1401, 422.210(c). Byrd did not petition the Appeals Council for an extension of the sixty-day period.

Applying these rules, this Court presumes Byrd received notice of the Commissioner's final decision, dated September 2, 2014, on September 8, 2014. *See* Federal Civil Rule 6(a)(1)(C). Byrd should have filed the Complaint by November 7, 2014. It was not filed until December 8, 2014. The Complaint is untimely. *See, e.g.*, *White v. Comm'r of Soc. Sec.*, 37 F. App'x 197, 198 (6th Cir. 2002).

For these reasons, this Court grants Defendant's Motion to Dismiss (Doc. 13).

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

June 1, 2015